

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CASE NO. 1:14CR341 |
| SOON THIAM YAP, | ) |
| Defendant | ) |

## STATEMENT OF FACTS

The United States and SOON THIAM YAP ("defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. SOON THIAM YAP was employed by the University of Northern Virginia ("UNVA") from approximately 2007 until approximately October 2011 and during that time, he held the positions of Director of International Student Affairs, Director of Admissions and Designated School Official ("DSO").

2. A DSO oversees foreign students attending an American university on a student visa. Federal law requires DSOs to update and maintain student records in the Student and Exchange Visitor Information System. For a school to be Student and Exchange Visitor Program ("SEVP")-certified the school must have a DSO. SEVP is a part of the Department of Homeland Security's Immigration and Customs Enforcement agency that monitors school and exchange visitor programs, nonimmigrant students and exchange visitors. People with student visas can only attend SEVP-certified schools.

1

3. On April 6, 2010 an Admission Evaluation Report was signed by SOON THIAM YAP for Student #2, an applicant to the University of Northern Virginia, stating that the following documents were missing from the student's application file: application fee, two recommendation letters, official high school transcript, high school diploma, TOEFL, financial affidavit and bank statement.

4. On April 7, 2010, UNVA sent an acceptance letter to Student #2 that informed Student #2 of his acceptance to the university.

5. Title 8, Code of Federal Regulations, Section 214.3(k) requires that, "A DSO of an SEVP-certified school must sign any completed Form I-20 issued for either a prospective or continuing student... Only a DSO of an SEVP-certified school may issue a Form I-20 to a prospective student ... and only after the following conditions are met ... The written application, the student's transcripts or other records of courses taken, proof of financial responsibility for the student, and other supporting documents have been received, reviewed, and evaluated at the school's location in the United States..."

6. On April 7, 2010, the defendant, SOON THIAM YAP, who was employed as UNVA's Director of International Student Affairs and Director of Admissions, and was a DSO authorized to sign I-20s (Certificates of Eligibility for Nonimmigrant (F-1) Student Status For Academic and Language Students) on behalf of UNVA, signed an I-20 Form that certified the eligibility of Student #2 for an F-1 Student Visa.

7. In signing the I-20, SOON THIAM YAP certified that all of the information provided in items 1-9 of Student #2's I-20 were true and correct and that the student's application, transcripts or other records of courses taken and proof of financial responsibility were received at the school prior to the execution of this I-20. The defendant knew at the time he

signed the I-20 that this certification that he made was false, and that this false statement was material to the U.S. Department of State's decision to approve the I-20 and the Department of Homeland Security's subsequent decision to then admit Student #2 into the United States on April 10, 2010 based on a previously issued F-1 Visa. The approval of the I-20 is a requirement for a student to be able to be admitted and remain in the United States on an F-1 Visa.

8. At the time the defendant, SOON THIAM YAP, signed Student #2's I-20 on April 7, 2010 the defendant knew that UNVA did not have possession of all of the documents the university was required to have received and evaluated before the university's DSO signed a student's I-20. The defendant's employer, UNVA, did not have proof of financial responsibility or transcripts or other records of courses taken for Student #2 on April 7, 2010.

9. On August 5, 2010, almost four months after the defendant executed the I-20, UNVA mailed Student #2 a letter signed by an admissions counselor that stated, "After repeated attempts to contact you, we will be taking serious action regarding the following missing documents from you admission file: Original or Notarized Affidavit of Support, Bank Statement, 2 Recommendation letters, Notarized or Attested copy of High School Transcript, Notarized or Attested copy of High School Diploma." As of July 28, 2011, when the U.S. Department of Homeland Security Homeland Security Investigations agency executed a search warrant on the premises of UNVA, none of documents listed as missing in the August 5, 2010 letter were present in Student #2's student file.

10. This statement of facts includes those facts necessary to support a guilty plea. It does not involve each and every fact known to the defendant, or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

3

11. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

12. This Statement of Facts signed by the defendant shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 310, the United States Constitution, and any federal statute or rule to object to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: *[signature]*

Adam Ptashkin
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
adam.ptashkin2@usdoj.gov

Andrew Peterson
Assistant United States Attorney

Date:

## DEFENDANT'S STIPULATION AND SIGNATURE

After consulting with my attorney, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proven the same beyond a reasonable doubt.

By: _____
SOON YAP
Defendant

Date: 10/31/14

## DEFENSE COUNSEL'S SIGNATURE

I am the counsel for SOON YAP ("defendant"). I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, the defendant's decision to stipulate to these facts is informed and voluntary.

By: _____
Phoenix Ayotte Harris, Esq.
Counsel for Defendant

Date: 10/31/14